FILED
2016 Aug-11  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| PHILLIP EGGELSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **6:16-cv-00217-LSC** |
| | ) | |
| MARSHALL DURBIN | ) | |
| FOOD CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

## I.   INTRODUCTION

This case arises out of an employment arbitration dispute between Defendant Marshall Durbin Food Corporation ("Marshall Durbin") and Plaintiff Phillip Eggelston ("Eggelston"), a former employee of Marshall Durbin. Before the Court are the motions of Eggelston to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (2016) ("FAA" or "the Act") (docs. 6 and 11), and Marshall Durbin's motion to vacate the same award under Section 10 of the FAA (doc. 2). The issues have been fully briefed by the parties and are ripe for review. For the reasons stated below, Eggelston's motions to confirm the award are due to be granted and Marshall Durbin's motion to vacate is due to be denied.

1

## II.   FACTS AND PROCEDURAL HISTORY

### *The Underlying Suit*

Beginning in November 2004, Eggelston worked for Marshall Durbin as a Second Processing Supervisor. He remained in that position for a number of years, until he was terminated in November 2009. On August 23, 2010, Eggelston filed an action in this court (10-CV-02290-JEO) alleging three claims arising from his former employment with Marshall Durbin. Specifically, Eggelston alleged claims for (1) race discrimination in regard to his termination, in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 (collectively the "race discrimination claims"), (2) unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and (3) retaliatory discharge under the FLSA, in violation of 29 U.S.C. § 215(a)(3). Magistrate Judge John E. Ott was assigned to preside over the case.

On October 6, 2010, Marshall Durbin moved without opposition by Eggelston to stay the proceedings and compel arbitration pursuant to Sections 3 and 4 of the FAA, 9 U.S.C. §§ 3 and 4, attaching its Employment Dispute Resolution Program (the "DRP") which, among other things, describes the scope of the arbitration agreement entered into between the parties. (Doc. 7 in 10-CV-

2290-JEO).[1] The Court granted the motion to stay the action on October 21, 2010, and pursuant to the FAA, compelled the parties to proceed to arbitration and file status reports. (Doc. 9 in 10-CV-2290-JEO.) On June 21, 2012, the Court, acting through Judge R. David Proctor, dismissed the action without prejudice to Eggelston's right to reinstate it and pursue any claim embraced that was not adjudicated in, or discharged by, the arbitration proceedings. (Doc. in 10-cv-2290-JEO.)

### The Arbitration Agreement

The arbitration provisions of the DRP vest the arbitrator with broad authority to decide all disputes arising from the employment relationship between the parties—pursuant to their rights under the applicable substantive law. Under the agreement, the proceedings are to be conducted in accordance with the then current *National Rules for the Resolution of Employment Disputes* ("the Rules") or any other such rules of the American Arbitration Association ("AAA") which apply to the claims being arbitrated.

---

[1]     Marshall Durbin issued the DRP effective February 24, 2006. Remaining employed or becoming employed after receiving notice of the DRP is deemed by its provisions as consent to the arbitration agreement. Since Eggelston was employed with Marshall Durbin from 2004 onwards, his continued work for the company after the effective date of the DRP is deemed as consent to the arbitration provisions. The substantive arbitrability of the claims is not an issue that the parties dispute.

The Rules are essentially incorporated into the arbitration agreement, and they provide the procedural framework governing the arbitration proceedings. Under Rule 27, the parties are able to submit dispositive motions for decision by the arbitrator to "narrow the issues in the case." AAA Emp. Arb. Rules and Med. Proc. Rule 27. Any remedies or relief granted by the arbitrator in any decision must have been available to the parties "had the matter been heard in court, including awards of attorney's fees and costs, in accordance with applicable law." *Id.*, Rule 39(d). Importantly, however, the Rules do not appear to define what constitutes an "award." They merely state that an award must be in writing, signed by the arbitrator, and provide written reasons explaining the award "unless the parties agree otherwise." *Id.*, Rule 39(c). Rule 40 further provides that though the arbitrator is permitted upon a timely motion by a party to "correct any clerical, typographical, technical, or computational errors in the award," the "arbitrator is not empowered to redetermine the merits of any claim already decided." *Id.*, Rule 40.

### *The First Arbitration Proceeding*

After the Court's ruling staying the action, the parties proceeded to arbitration on October 21, 2010, agreeing that Allen Blair ("Arbitrator Blair")

would serve as arbitrator. In the arbitration, Marshall Durbin moved for summary judgment on all claims under Rule 26 of the Rules.

On October 11, 2012, Arbitrator Blair issued a summary judgment order dismissing Eggelston's FLSA unpaid overtime and retaliatory discharge claims. In that order, Arbitrator Blair concluded that Marshall Durbin was entitled to prevail on the unpaid overtime claim, finding that Eggelston was properly classified by Marshall Durbin as exempt from the overtime requirements of FLSA. Arbitrator Blair likewise found that there was not sufficient proof to establish that Eggelston was engaged in any protected activity for purposes of his FLSA retaliatory discharge claim. In his deposition, Eggelston had testified that he was treated unfairly, taken out of his area, and required to "shovel shit." Arbitrator Blair found Eggelston's complaints were really about the tasks he was required to perform and his unfair treatment relative to other supervisors. Eggelston protested having to do unpleasant work while others were not. Arbitrator Blair found that the complaints were not, however, about the failure of Marshall Durbin to pay overtime. Arbitrator Blair thus dismissed the FLSA claims. The race discrimination claims, however, were permitted to proceed to a hearing, as Arbitrator Blair found that there were still issues of fact between the parties as to those claims.

On October 16, 2012, Eggelston filed in the arbitration proceeding a "Motion for Clarification" of the summary judgment order. In his motion he explained that his affidavit established that he had opposed Marshall Durbin's pay practices with regard to employees other than himself and that his testimony created a triable issue of fact on a claim that he was terminated in retaliation for complaining about pay practices that affected employees other than himself.

The parties began an arbitration hearing on October 24, 2012, with the motion for clarification still pending. Arbitrator Blair, after hearing the parties' arguments on the motion, told the parties that he would defer a decision on the motion. Shortly thereafter the hearing was suspended. The parties sought to mediate the dispute, and Arbitrator Blair, switching roles, served as mediator at the parties' request. Those efforts were unsuccessful. The motion for clarification remained pending.

### Marshall Durbin's Interim Motion to Confirm the Arbitration Award

On November 28, 2012, Marshall Durbin filed in the closed federal court case a "Motion for Reinstatement of Action, Application/Motion to Confirm Arbitration Award and to Enter Final Judgment, and Motion to Re-Dismiss the Remainder of the Action Without Prejudice." (Doc. 15 in 10-cv-2290-JEO.) In that motion, Marshall Durbin asked the Court to reopen the case and enter a judgment

confirming the dismissal of Eggelston's two FLSA claims based on Arbitrator Blair's summary judgment order and Section 9 of the FAA. The parties briefed the issues, participated in a hearing on December 20, 2012, and consented to the exercise of magistrate judge jurisdiction in the action only for purposes of Marshall Durbin's motion. On February 11, 2013, the Court denied the motion and declined to reopen the case. (Doc. 20 in 10-cv-2290-JEO.) The Court found that Arbitrator Blair's order, "even if it is an 'award' would still be subject to revision based on [Eggelston's] pending motion for clarification . . . ." Thus, Arbitrator Blair's decision was not appropriate for confirmation at that time.

### The Second Arbitration Proceeding

Meanwhile, in January 2013, Beverly Baker ("Arbitrator Baker") was appointed to replace Arbitrator Blair as the new arbitrator over this matter.[2] On April 5, 2013, the parties held a face to face management conference to determine the future course of the arbitration proceedings. The substance of that conference was memorialized by Arbitrator Baker in a Management Conference Order issued on April 8, 2013. There, she informed the parties that she was not bound by Arbitrator Blair's dismissal of Eggelston's FLSA retaliatory discharge claim in his summary judgment order. She then gave the parties until April 12, 2013, to add

---

[2]    By serving as mediator, Arbitrator Blair was ineligible to continue as arbitrator according to AAA rules.

new claims or alter existing ones and until April 15, 2013, to submit any new defenses or counterclaims or alter existing ones, if they so desired. Accordingly, Eggelston submitted his claims of FLSA retaliatory discharge and race discrimination.

Marshall Durbin objected to the April 8th order, arguing there—as it does here—that Arbitrator Baker should have followed Arbitrator Blair's dismissal of Eggelston's FLSA claims. In an order dated May 1, 2013, Arbitrator Baker dismissed Marshall Durbin's objection. She found that there was little "to indicate that the strictures of AAA Rule 27 governing dispositive motions were considered, much less followed" in Arbitrator Blair's summary judgment order. She further determined that because Arbitrator Blair's order left one or more issues in the case—that is, the race discrimination claims—that order cannot be considered a "final" award for the purposes of Rule 40, which prohibits the arbitrator from revisiting a claim already decided. Arbitrator Baker also concluded that Rule 40 did not apply because during the arbitration hearing, Eggelston had moved for clarification of the summary judgment order as it related to the FLSA retaliatory discharge claim, the former arbitrator had heard arguments and deferred his decision, and that she was thus not bound by the former arbitrator's dismissal of the claim.

8

Following a hearing on November 19, 2013, in August 2014 Arbitrator Baker issued an opinion and Final Order finding in favor of Eggelston on his FLSA retaliatory discharge claim but dismissing the race discrimination claims. Specifically, she found that Eggelston "met his burden of proof that his termination was in retaliatory discharge for his complaints of FLSA violations." Arbitrator Baker reached this judgment based off of the credibility of the parties' witnesses, the uncontroverted evidence that Eggelston made numerous complaints about his employment status, and the dearth of evidence as to whether other supervisors also performed the same work or made similar complaints. With regard to his race discrimination claims, while she believed that Marshall Durbin's articulated reasons for firing Eggelston were mere pretext, she did not conclude that the evidence established that Eggelston was the victim of racial discrimination. Rather, she determined Eggelston "was fired because he continually complained about his pay related to his job duties."

Eggelston had sought $77,328.09 as damages for lost wages, based off of the calculations from a backpay table, and any other further compensatory, punitive, and equitable relief to compensate for the divorce and embarrassment he claimed he suffered as a result of the termination. Marshall Durbin countered that any backpay calculations were not subject to verification.

Finding Marshall Durbin liable, Arbitrator Baker determined that $75,000 was "an appropriate sum to effectuate the purposes of the FLSA retaliatory discharge provisions." Although she found that Eggelston did not present sufficient documentary evidence at the hearing to support with certainty his backpay calculation, relying on the Eleventh Circuit case of *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233 (11th Cir. 2013), Arbitrator Baker concluded that under the Section 216(b) of the FLSA, courts are afforded wide discretion in fashioning appropriate relief for employees in FLSA retaliatory discharge cases. With this understanding, she found that Eggelston's testimony at the hearing in regards to his divorce and the loss of respect from his family that resulted from his termination, made $75,000 "appropriate" to effectuate the purposes of FLSA's retaliatory discharge provisions. Arbitrator Baker thus found Marshall Durbin liable to Eggelston for that amount.

Arbitrator Baker also determined that, as a prevailing party under 29 U.S.C. § 216(b), Eggelston was due attorney's fees related to the FLSA retaliatory discharge claim. Although Eggelston did not succeed on his race discrimination claims, because those claims were "inextricably intertwined" with the FLSA retaliatory discharge claim, the attorney's fees were reduced to match Eggelston's limited success while being conscious of the interlinking relationship of the claims.

Accordingly, Arbitrator Baker awarded Eggelston $123,685 in attorney's fees and $4634.10 in costs.

### The Instant Motions

On July 22, 2014, Marshall Durbin filed a "Motion to Vacate Arbitrator's Award or in the Alternative, Motion to Reinstate CV10-2290 and Vacate." (Doc. 21 in 10-cv-2290-JEO.) On August 19, 2014, Eggelston filed a "Motion to Confirm Arbitration Award Entered August 14, 2014 and Enter a Judgment Against Defendant." (Doc. 26 in 10-cv-2290-JEO.) The motions were briefed by the parties. Nearly a year later, Eggelston filed a "Renewed Motion to Confirm an Award." (Doc. 31 in 10-cv-2290-JEO.)

After one or both parties declined to consent to jurisdiction by the magistrate judge to adjudicate the motions, the magistrate judge issued a report and recommendation on December 23, 2015, recommending, among other things, that Marshall Durbin's motion to vacate be denied in part to the extent that it asked the Court to reinstate the closed civil action that was dismissed on June 21, 2012, and that the Clerk should be directed to open a new case, assign it to the magistrate judge, and refile Marshall Durbin's motion to vacate as the initial pleading, as an application to vacate an arbitration award pursuant to 9 U.S.C. § 9, as well as file

the other relevant subsequent pleadings in the new case. (Doc. 34 in 10-cv-2290-JEO.)

On January 6, 2016, Marshall Durbin filed objections to the report and recommendation. (Doc. 35 in 10-cv-2290-JEO.) Marshall Durbin objected to the magistrate judge's finding that the Court lacks jurisdiction in the closed civil action over its application to vacate; to the magistrate judge's recommendation that the Clerk should refile its motion to vacate in a newly opened case; and to the magistrate judge's recommendation that the newly opened case should be assigned to him.

The undersigned was then randomly drawn to review the report and recommendation. The undersigned issued an order ruling that the report and recommendation was due to be adopted and accepted in part and reversed in part. The Court agreed with the magistrate judge, thus ruling that it lacked jurisdiction over the closed case to consider the pending motions to vacate or confirm the arbitrator's award and that a new case should be opened, but disagreed with the magistrate judge that the case should be reassigned to him, and thus ordered the new case to be randomly assigned in accordance with the Court's internal operating procedures.

When the new case was opened (16-cv-00217-LSC), the undersigned was randomly drawn to preside over the case. Marshall Durbin's motion to vacate became document number 2 (styled a "complaint"), and Eggelston's motions to confirm became document numbers 6 and 11.

## III.   ANALYSIS

In support of its motion to vacate the award, Marshall Durbin argues that because Arbitrator Blair had previously dismissed Eggelston's FLSA retaliatory discharge claim, Arbitrator Baker "exceeded [her] powers" pursuant to Section 10 of the FAA by redetermining the merits of that claim once she became the arbitrator. Marshall Durbin also argues that Arbitrator Baker exceeded her authority by awarding relief that is not available under the FLSA. Neither argument is persuasive.

### *Standard of Review*

When reviewing the underlying arbitration decision, courts apply a standard that is "among the narrowest known to the law." *Union Pac. R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978). So long as the arbitrator is "even arguably construing or applying the contract," the decision must be upheld even if the arbitrator offers a barely colorable justification for the outcome reached. *Johnson v. Directory*

*Assistants Inc.*, 797 F.3d 1294, 1302 (11th Cir. 2015) (quoting *Oxford Health Plans LLC v. Sutter*, 113 S.Ct. 2064, 2068 (2013)).

The standard, while deferential, is not a rubber stamp. Review of arbitration awards is controlled by the FAA, which mandates that awards be confirmed unless the award falls under one of the "narrow grounds upon which an award can be vacated, modified, or corrected," listed in Sections 10 and 11 of the Act. 9 U.S.C. § 9. Section 11 allows for modification or correction of arbitration awards where there has been a miscalculation of figures or an award on a matter not submitted for arbitration. 9 U.S.C. § 11. Section 10 provides four circumstances where vacatur of an arbitration award is appropriate: (1) where the award was "procured by corruption, fraud, or undue means;" (2) where there was evident partiality or corruption by the arbitrators; (3) where the award involved arbitrator "misbehavior by which the rights of any party have been prejudiced;" or, as is alleged here by Marshall Durbin, (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. These are the exclusive grounds upon which an award may be vacated. *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). Moreover, even if one of these circumstances were present, a district court's power to vacate an award is still discretionary, meaning that a

14

district court may exercise its discretion and decline to vacate an arbitration award even when it finds that an arbitrator has clearly exceeded her authority. *See Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 n.11 (11th Cir. 2011) ("We note that Congress instructed that a court 'may make an order vacating the award—as opposed to 'must' or 'shall'—in delineating the grounds for vacatur, further emphasizing the deferential nature of our review.").

Even still, this Court's inquiry into whether the arbitrator disregarded her contractual provisions is a very "limited review." *So. Comm. Serv., Inc. v. Thomas*, 720 F.3d 1352, 1358 (11th Cir. 2013) (quoting *Hall Street*, 552 U.S. at 588). Because of the "high hurdle" of the standard of review, vacating an award because of an arbitrator's disregard for the contractual provisions is "rare." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). To overturn an award under Section 10(a)(4) of the Act, it "is not enough for [Marshall Durbin] to show that the panel committed an error—or even a serious error." *Id.* "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." *Sutter*, 133 S. Ct. at 2068 (quoting *E. Assoc. Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000)). Therefore, the sole question for the Court "is whether the arbitrator (even arguably) interpreted the parties' contract,

not whether he got its meaning right or wrong." *Id.* If so, and absent any statutory basis to vacate, modify, or correct an award, the award must be confirmed.

### *Arbitrator Baker's Authority to Redetermine the Merits of the FLSA Claim*

When parties enter into an arbitration agreement they implicitly authorize the arbitrator to adopt "procedures as are necessary to give effect to the parties' agreement." *Stolt-Nielsen*, 559 U.S. at 685. Thus, procedural issues which "grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." *Id.* (quoting *Howsam v. Dean Whitter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). Great deference towards the arbitrator's decisions on these matters is owed.

The arbitration provisions of the DRP incorporate the Rules to provide the procedural framework for the arbitration proceedings. However, the Rules are not precise in laying out what is considered a "final" decision or "award." Rule 39 only specifies the timeframe and manner in which an award is to be made. It does not detail when a decision on an individual claim becomes a final decision or an "award." The Rules are even more unclear when it comes to the powers of an arbitrator to reconsider the merits of a claim before all claims are resolved. Here, Arbitrator Baker entered a well-reasoned opinion interpreting Rule 40, which prevents an arbitrator from redetermining the merits of a claim already decided.

She reasonably, and certainly at least colorably, concluded that Rule 40 was inapplicable because Arbitrator Blair's summary judgment ruling was not a "final" award, and that she was therefore empowered to hear Eggelston's FLSA retaliatory discharge claim. Thus, the fact that Arbitrator Baker determined that Arbitrator Blair's summary judgment order was not "final" so to be considered an "award" for the purposes of Rule 39 or Rule 40 cannot be considered a bald faced misconstruction of the Rules as Marshall Durbin makes it out to be. It is far from clear whether an "award" as contemplated by Rule 39 and Rule 40 includes a partial judgment as was given here. And it is at least arguable that an arbitrator can reconsider a claim before giving a final disposition as to the entire case. Rule 40 itself establishes that a decision is open to revision. Additionally, a court in a judicial proceeding would unquestionably have the power to reconsider a ruling on any claim at any time prior to entering a final judgment. Further, Arbitrator Blair left the door open to reconsider his retaliatory discharge ruling by deferring a ruling on Eggelston's motion for clarification. Nothing in the Rules strictly forbids or contravenes Arbitrator Baker's interpretation.

Even assuming that the Court agrees with Marshall Durbin's construction of Rule 40, it is not within the province of this Court to second-guess an arbitrator's decision as to procedural matters. Arbitrator Baker's determination that she could

revisit the merits of Eggelston's FLSA claims, even if error, is an arguable construction of the Rules. She did not ignore Rule 40 altogether, but considered Marshall Durbin's arguments and determined that Rule 40 did not apply, as there was no final "award" to bar her reconsideration of the FLSA claims. Considering that the Rules are the procedures both parties agreed to use in settling this dispute, Arbitrator Baker's construction cannot be disturbed by this Court. *Stolt-Nielsen*, 559 U.S. at 685. Because she was acting within her inherent authority in construing their provisions, she cannot be said to have exceeded her authority. If Marshall Durbin wishes to have such a strict construction of the rules, then its dispute lies with an arbitrator, not a judge.

In sum, the only question before this Court is whether Arbitrator Baker exceeded her authority by interpreting Rule 40 as allowing her to hear Eggelston's FLSA claim. As discussed above, she did not. Even if Arbitrator Baker had been wrong in her decision, the fact that she erroneously interpreted Rule 40 is not a ground for vacating the award. *See Thomas*, 720 F.3d at 1360 (quotations and citations omitted) (reasoning that "[i]t is not for us to opine on whether or not that task was done badly, for [i]t is the arbitrator's construction [of the contract] which was bargained for . . . . The arbitrator's construction holds, however good, bad, or ugly"). Accordingly, the arbitrator's award must be confirmed on this issue.

### *Arbitrator Baker's Authority to Award Damages on the FLSA Claim*

Marshall Durbin next argues that Arbitrator Baker exceeded her authority by awarding Eggelston $75,000 in damages on his FLSA retaliatory discharge claim. More specifically, the parties' arbitration agreement limits the arbitrator's remedies to those available under the substantive law, here the FLSA. According to Marshall Durbin, because the arbitrator found that Eggelston did not prove any backpay/unpaid wages damages, the $75,000 award could only have been punitive, and because the FLSA does not allow for punitive damages, Arbitrator Baker exceeded her authority under the arbitration agreement.

Whether this Court would have awarded the same relief as Arbitrator Baker is not the issue at hand—arbitrators "do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011). Thus, this Court cannot review an arbitrator's decision for underlying legal merit or error. *White Springs Agric. Chemicals, Inc. v. Glawson Investments Corp.*, 660 F.3d 1277, 1283 (11th Cir. 2011) (citing *Hall St.*, 552 U.S. at 586). After all, the arbitrator's decision is what both parties bargained for in the arbitration agreement. Rather, the review here is limited to whether Arbitrator Baker "even arguably" was construing or applying

the contract in making this decision, not whether she got it right. *Sutter*, 133 S. Ct. at 2068.

Section 216(b) supplies the remedies for violations of FLSA. The specific relief available depends in large part on the type of claim at issue. For violations of § 215(a)(3)—the retaliatory discharge provision of FLSA—a court may fashion "such legal or equitable relief *as may be appropriate to effectuate the purposes* of section 215(a)(3) . . . , including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

The relief provisions listed in Section 216 are non-exclusive examples of the wide variety of relief available to courts. *Moore*, 708 F.3d at 1241. Because of the nature of retaliatory discharge, relief must often be tailored to the facts of each case, which may require some "creativity." *Id.* (quoting *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 937 (11th Cir. 2000)). Indeed, courts can draw from the entire 64-color box of judicial remedies to provide "separate and more extensive relief to an employee in a case of retaliatory discharge." *Id.* However, any award of damages must stay within the bounds of "section 216(b)'s compensatory purpose." *Snapp*, 208 F.3d at 937.

Arbitrator Baker never mentioned punitive or exemplary damages in her opinion. Instead, she relied on the Eleventh Circuit case of *Moore v. Appliance Direct*, 708 F.3d 1233, stating that her award of $75,000 was a measure "to effectuate the purposes of the FLSA retaliatory discharge provision" which is the standard required by *Moore* for crafting relief in retaliatory discharge cases.[3] The fact that she also stated in her opinion that "the backpay numbers submitted [by Eggelston] are unsupported by any evidence" merely indicates that she did not agree with Eggelston's calculation and instead came up with her own damage number, which was in her discretion. The fact that her award bears similarity to the $77,328.09 figure Eggelston sought in backpay indicates this was likely her

---

[3]     The *Moore* court analyzed what type of relief is allowed or required under the FLSA, finding that "(t)he first sentence [of Section 216(b)] applies only to damages for violations of sections 206(minimum wage) and 207 (overtime), while the second sentence applies only to violations of section 215(a)(3) (retaliation)." *Id.* at 1241. The *Moore* court explained that while the first sentence mandates that for a violation of the minimum wage or overtime provisions of the Act the employer shall be liable in the amount of the unpaid minimum wage overtime and liquidated damages, that the second sentence does not similarly restrict the court's discretion in awarding damages for retaliation. *Id.* The Court reasoned as follows:

> The second sentence was added by amendment in 1977 to provide damages in private causes of action to enforce the anti-retaliation provisions of the FLSA, and clearly was for the purpose of allowing separate and more extensive relief to an employee in a case of retaliation. And, it is just as clear that the extent of that separate relief is discretionary, requiring finding that any such relief, even relief not mentioned in the non-exclusive examples, is appropriate to effectuate the purposes of the retaliation section of the law. . . *Whatever is awarded must be appropriate to effectuate the purposes of the retaliation provision, and determining that requires the exercise of wide discretion.*

*Id.* (emphasis added).

yardstick, and it supports the notion that the award was intended to be compensatory.

Whether this Court would have arrived at the same number is, again, irrelevant. Arbitrator Baker was cloaked in a vast mantle of discretion—both from the nature of the arbitration contract and the remedies available under the FLSA. She was entitled by the contract to make an interpretation of the law in deciding the suit, and Section 216(b) of the FLSA—the relevant law here—gave her great discretion in making that determination. Marshall Durbin seeks its second bite of the apple—it wants this Court to determine the legal correctness of Arbitrator Baker's decision on the substantive law, which this Court cannot do. Arbitrator Baker was at the very least arguably interpreting the parties' contract when she awarded damages, and therefore was not exceeding her authority under Section 10(4) of the FAA. Because of this, Marshall Durbin's motion is due to be denied on this issue.[4]

## III.  CONCLUSION

---

[4] Marshall Durbin also argues that because the award is due to be vacated, Eggelston is not the prevailing party under the FLSA and thus not due the attorney's fees in the amount of $123,685 that Arbitrator Baker awarded him. Arbitrator Baker was entitled by both Section 216(b) of the FLSA and Rule 39(d) of the Rules to award appropriate attorney's fees. Because Marshall Durbin's arguments in support of its motion to vacate lack merit, so does this argument.

For the foregoing reasons, Marshall Durbin's motion to vacate the arbitration award (doc. 2) will be denied and Eggelston's motions to confirm the arbitration award (docs. 6 and 11) will be granted.

A separate final order and judgment will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON AUGUST 11, 2016.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704